UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| TOMAS GARCIA-GUZMAN,<br><br>Petitioner,<br><br>v.<br><br>A. NEIL CLARK, Field Office Director,<br>U.S. Immigration and Customs Enforcement,<br><br>Respondent. | NO. C09-803-MJP-JPD<br><br>REPORT AND<br>RECOMMENDATION |

## I. INTRODUCTION AND SUMMARY CONCLUSION

On June 11, 2009, petitioner Tomas Garcia-Guzman, proceeding pro se, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241, challenging the lawfulness of his continued detention by the U.S. Immigration and Customs Enforcement ("ICE"). Dkt. No. 8. He requests that this Court order his release from custody on conditions or reasonable bond, arguing that "such custody violates the due process rights of the Petitioner." *Id*. at 1. Respondent has filed a motion to dismiss, arguing that petitioner has received four bond hearings, including a bond hearing pursuant to the holding of *Prieto-Romero v. Clark,* 534 F.3d 1053 (9th Cir. 2008), and has been granted release on bond in the amount of $2,500. Dkt. No. 13. Respondent asserts that because petitioner has been accorded all of the relief sought in his habeas petition, his Petition for Writ of Habeas Corpus is now moot and should be dismissed.

REPORT AND RECOMMENDATION - 1

For the reasons set forth below, the Court recommends that respondent's motion to dismiss be GRANTED, and that this matter be DISMISSED.

## II. BACKGROUND AND PROCEDURAL HISTORY

Petitioner is a native and citizen of Mexico. He was admitted to the United States on October 9, 2002, as a non-immigrant with authorization to remain in the United States for a temporary period not to exceed October 15, 2003. AR R36, R37.

On May 21, 2008, petitioner came to the attention of ICE while he was incarcerated at the Benton County Jail in Yakima, Washington. AR R44. On May 22, 2008, petitioner was transferred to ICE custody and served with a Notice to Appear, placing him in removal proceedings and charging him with being removable from the United States under Section 237(a)(1)(B) of the Immigration and Nationality Act ("INA"), for remaining in the country beyond October 15, 2003, without authorization from the government. AR L3-5.

After his arrest, ICE made an initial custody decision to release petitioner on bond in the amount of $15,000. L2. Petitioner requested and received a custody redetermination hearing on October 10, 2008, before an Immigration Judge ("IJ") who ordered that bond remain at $15,000. L9. Petitioner requested and received a second custody redetermination hearing on November 6, 2008, but the IJ ordered that bond remain at $15,000, finding that the second motion did not present materially changed circumstances since his prior hearing. AR L29.

On January 6, 2009, the IJ found petitioner removable as charged in the Notice to Appear and ordered him removed to Mexico. L34, L136-37. Petitioner filed an appeal of the IJ's decision with the Board of Immigration Appeals ("BIA"), which dismissed the appeal on March 31, 2009. AR L138-39. Petitioner filed a petition for review and motion for stay of deportation with the Ninth Circuit Court of Appeals. AR L150. Pursuant to Ninth Circuit General Order 6.4(c)(1), this caused a temporary stay to automatically issue. *See Garcia-Guzman v. Holder*, No. 09-70994 (9th Cir. 2009). Petitioner's petition for review remains pending in the Ninth Circuit.

After petitioner filed his petition for review, he requested and received a third bond redetermination hearing on April 28, 2009, before an IJ who again declined to reduce the previously set bond amount. Dkt. No. 13, Ex. A. Petitioner filed an appeal of the IJ's third bond decision with the BIA. *Id*. On June 22, 2009, while his bond appeal was pending with the BIA, petitioner filed the instant petition for habeas corpus, challenging his continued detention. Dkt. No. 8. On July 15, 2009, the BIA reviewed the IJ's third bond decision and remanded the matter back to the IJ for further bond proceedings and for entry of a new bond decision pursuant to *Prieto-Romero v. Clark*, 534 F.3d 1053 (9th Cir. 2008)(holding that an alien detained under INA § 236(a) pending direct review of a final order of removal is entitled to an individualized bond hearing before a neutral adjudicator). *Id*. On July 20, 2009, ICE reviewed petitioner's custody status and reduced his bond amount to $2,500. AR R80-89. On July 30, 2009, petitioner received a *Prieto-Romero* bond hearing before an IJ, but withdrew his request for a bond redetermination hearing before the IJ rendered his decision. Dkt. No. 13, Ex. B.

On August 6, 2009, respondent filed a motion to dismiss, arguing that petitioner's habeas petition has become moot and should be dismissed. Dkt. No. 13. Petitioner did not file a response.

### III.  DISCUSSION

Section 236 of the INA provides the framework for the arrest, detention, and release of aliens in removal proceedings. *See* INA § 236, 8 U.S.C. § 1226. That provision provides the Attorney General with discretionary authority to determine whether an alien should be detained, released on bond, or released on conditional parole pending the completion of removal proceedings, unless the alien falls within one of the categories of criminal aliens described in Section 236(c), for whom detention is mandatory. *See id*. Once removal proceedings have been completed, the detention and release of aliens shifts to INA § 241, 8 U.S.C. § 1231.

Section 241(a)(1)(A) of the INA states that "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days (in

this section referred to as the 'removal period')." INA § 241(a)(1)(A). During the 90 day removal period, continued detention is required. INA § 241(a)(2). Section 241(a)(6) provides the Attorney General with discretionary authority to detain certain aliens beyond the removal period, or to release them under an order of supervision. INA § 241(a)(6). The determination of when an alien becomes subject to detention under Section 241 rather than Section 236 is governed by Section 241(a)(1)(B), which provides:

> The removal period begins on the latest of the following:
>
> (i)   The date the order of removal becomes administratively final.
>
> (ii)  <u>If the removal order is judicially reviewed and if a court orders a stay of the removal of the alien, the date of the court's final order.</u>
>
> (iii) If the alien is detained or confined (except under an immigration process), the date the alien is released from detention or confinement.

INA § 241(a)(1)(B)(emphasis added). Thus, pursuant to INA § 241(a)(1)(B)(ii), where a court issues a stay of removal pending its review of an administrative removal order, the alien continues to be detained under INA § 236(a) until the court renders its decision. *See Prieto-Romero*, 534 F.3d at 1059.

In *Prieto-Romero*, the Ninth Circuit held that aliens who are in immigration detention pending judicial review of an administratively final order of removal are entitled to an individualized bond hearing before an Immigration Judge. *Prieto-Romero*, 534 F.3d at 1053. The Ninth Circuit determined that even though an alien's continued detention is authorized by INA § 236(a), "due process requires 'adequate procedural protections' to ensure that the government's asserted justification for physical confinement 'outweighs the individual's constitutionally protected interest in avoiding physical restraint.'" *Prieto-Romero*, 534 F.3d at 1065 (quoting *Zadvydas*, 533 U.S. 678, 690-91 (2001)). The Court thus held that an alien has the right to contest the necessity of his detention before a neutral decision maker and an opportunity to appeal that determination to the BIA. *See Prieto-Romero*, 534 F.3d at 1066 (citing 8 C.F.R. §

236.1(d); *Matter of Guerra*, 24 I&N Dec. 37, 40 (BIA 2006)(holding that "an Immigration Judge must consider whether an alien who seeks a change in custody status is a threat to national security, a danger to community at large, likely to abscond, or otherwise a poor bail risk.")).

In the present case, the Ninth Circuit has issued a stay pending its review of petitioner's administrative removal order. Because his removal order has been stayed by the Ninth Circuit pending its review of the BIA's decision, the removal period has not yet begun and INA § 236(a) still applies. *See id*. Petitioner requests that the Court order that he be "released on supervised release pending all finality or that the court orders the Agency to hold a bond hearing." Dkt. No. 8 at 2. Respondent contends that petitioner's habeas petition is now moot because he has already been granted the relief sought. Dkt. No. 13 at 5. The Court agrees with respondent.

As respondent asserts, petitioner received two bond hearings before an IJ while his case was pending before the IJ and the BIA, and a third bond hearing while his appeal was pending in the Ninth Circuit. On July 14, 2009, ICE reviewed petitioner's custody status a second time and reduced his bond amount from $15,000 to $2,500. AR R89. In addition, on July 30, 2009, petitioner received a fourth bond redetermination hearing before an IJ pursuant to the holding in *Prieto-Romero*, 534 F.3d 1053. *See* Dkt. No. 13, Ex. B. Although petitioner withdrew his request for a fourth redetermination hearing before the IJ rendered his decision, the record shows that the requirements of due process have been met. *See Prieto-Romero*, 534 F.3d at 1066 (holding that due process is satisfied once an alien has "had an opportunity to contest the necessity of his detention before a neutral decisionmaker and an opportunity to appeal that determination to the BIA."); *see also Flores-Torres v. Mukasey*, 548 F.3d 708, 710 (9th Cir. 2008)(dismissing as moot part of habeas petition challenging detention without an individualized bond hearing after IJ held a bond hearing). Because petitioner has received all of the relief sought in his habeas petition, petitioner's habeas petition is now moot and should be dismissed.

//

//

## IV. CONCLUSION

For the foregoing reasons, the Court recommends that respondent's motion to dismiss be GRANTED, and that this matter be DISMISSED. A proposed order accompanies this Report and Recommendation.

DATED this 21st day of September, 2009.

*James P. Donohue*

JAMES P. DONOHUE
United States Magistrate Judge